# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ERIC JOHN SANTIFER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CV420-227 |
| KILOLO KIJAKAZI,[1] | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Eric John Santifer seeks judicial review of the Social Security Administration (SSA)'s denial of his applications for a period of disability, disability insurance benefits, and Supplemental Security Income (SSI) benefits.

## I.  GOVERNING STANDARDS

In social security cases, courts

> . . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security, and has been substituted for Acting Commissioner Andrew M. Saul as the defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

> to support a conclusion." *Id.* (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178 (quotation and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

*Mitchell v. Comm'r, Soc. Sec. Admin.,* 771 F.3d 780, 782 (11th Cir. 2014); *see also Biestek v. Berryhill*, ___ U.S. ___, 139 S. Ct. 1148, 1154 (2019) ("Substantial evidence . . . is 'more than a mere scintilla.' [Cit.] It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (citations omitted)).

The burden of proving disability lies with the claimant. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The ALJ applies

> . . . a five-step, "sequential" process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step. *Id.* § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i). At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is "severe." *Id.* § 404.1520(a)(4)(ii). At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. *Id.* § 404.1520(a)(4)(iii). If not, the ALJ must then determine at step four whether the claimant has the RFC[2] to perform her past relevant work. *Id.*

---

[2] At steps four and five, the ALJ assesses the claimant's residual functional capacity (RFC) and ability to return to her past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). RFC is what "an individual is still able to do despite

§ 404.1520(a)(4)(iv). If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant can make an adjustment to other work, considering the claimant's RFC, age, education, and work experience. An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a [Vocational Expert (VE)].

*Stone v. Comm'r. of Soc. Sec. Admin.*, 596 F. App'x, 878, 879 (11th Cir. 2015) (footnote added).

## II. BACKGROUND

In 2018, plaintiff applied for a period of disability and disability insurance benefits and a protective application for supplemental security income. Tr. 19. In both applications he alleged disability beginning on October 1, 2017. *Id.* His claims were initially denied on September 19, 2018. He requested a hearing and appeared before ALJ Geoffrey S. Casher. *See* Tr. 18. The ALJ issued an unfavorable determination on January 21, 2020. *See* Tr. 16. The Appeals Council denied his request for review. Tr. 1-5.

---

the limitations caused by his or her impairments." *Id.* (citing 20 C.F.R. § 404.1545(a); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012). "The ALJ makes the RFC determination based on all relevant medical and other evidence presented. In relevant part, the RFC determination is used to decide whether the claimant can adjust to other work under the fifth step." *Jones v. Comm'r of Soc. Sec.*, 603 F. App'x 813, 818 (11th Cir. 2015) (quotes and cite omitted).

Plaintiff was fifty-six years old when he alleges he became disabled. *See* Tr. 185. At the hearing, plaintiff testified that he has an undergraduate degree from Syracuse University where he also completed some graduate course work. Tr. 43. Although plaintiff worked after the alleged onset date of his disability, the ALJ found that his work activity was not substantial gainful activity. Tr. 22. Plaintiff was employed when he applied for benefits. Tr. 217. At the hearing he testified that he was not working, but did "some ride share to try to make ends meet . . . ." Tr. 43. He identified back problems, shoulder problems, drop foot, limited feeling in his legs, and numbness in his feet as disabling conditions. Tr. 217; *see also* Tr. 24.

After a hearing, the ALJ found that Santifer was not disabled. Tr. 26-27. At step one, he found that plaintiff had not engaged in substantial gainful activity since he allegedly became disabled. Tr. 22. At step two, he found that plaintiff's asthma, bilateral shoulder osteoarthritis, obesity, and back pain with sciatica constituted severe impairments. Tr. 22-23. He found, however, that plaintiff did not have an impairment or combination of impairments that meets or medically equals a listing. Tr. 23. Based on the evidence of record, the ALJ found

that Santifer retained the RFC for medium work, except that:

> the claimant can stand/walk six hours out of an eight hour workday with six or more hours of seated work. He can frequently stoop, bend, kneel, crouch, and climb ramps and stairs. He can occasionally climb ladders, ropes, and scaffolds and perform overhead reaching. He should avoid concentrated exposure to pulmonary irritants such as fumes, odors, dust and gases. He should avoid exposure to extremes of cold and to hazardous conditions such as unprotected heights or dangerous machinery.

Tr. 23. At step four, he concluded that Santifer was capable of performing his past relevant work as a recreation director. Tr. 25. Alternatively, the ALJ concluded that Santifer could adjust to other work, including furniture decal inspector, laundry sorter, and grocery bagger, that exists in significant numbers in the national economy. Tr. 26. Based on the determination that Santifer was capable of performing past relevant work or making an adjustment to other work, the ALJ concluded he was not disabled. Tr 27.

## III. ANALYSIS

Santifer argues that the ALJ erred in in discounting the functional limitations identified by his treating physician, Dr. Soni.[3]  *See* doc. 17 at

---

[3] The parties also dispute whether the ALJ adequately incorporated functional limitations identified by consultative examiners into plaintiff's RFC.  *See* doc. 17 at 7-11; doc. 18 at 14-20; doc. 19 at 2. Because the Court finds remand appropriate based on the ALJ's failure to adequately explain his determination of the

5

1. The Commissioner notes that the Social Security Administration amended its regulations governing evaluation of medical evidence in 2017. Doc. 18 at 8. The Commissioner argues that plaintiff's brief applies an outdated standard in asserting that the ALJ should have afforded deference to Dr. Soni's opinion. *Id.* at 11-12. Plaintiff's reply does not dispute that the amended regulations apply to his case, but insists that, as to Dr. Soni's opinion, he seeks "an articulation of whatever tests and clinical exams . . . the ALJ used to conclude that Dr. Soni's opinion should be discounted." Doc. 19 at 1-2. Santifer notes that "there is no cite or note of the doctor's own clinical exam findings the ALJ found to be non-supporting." *Id.* at 4.

The Eleventh Circuit has recently summarized the effect of the 2017 amendments to the SSA's regulations. *See Matos v. Comm'r of Soc. Sec.*, 2022 WL 97144, at *4 (11th Cir. Jan. 10, 2022).

> This new regulatory scheme no longer requires the ALJ to either assign more weight to medical opinions from a claimant's treating source or explain why good cause exists to disregard the treating source's opinion. Under the new regulations an ALJ should focus on the persuasiveness of medical opinions and prior administrative medical findings by looking at five factors: (1)

---

persuasiveness of Dr. Soni's opinion, it need not reach these arguments. *See Pupo v. Comm'r, Soc. Sec. Admin.*, 17 F.4th 1054, 1066 n.4 (11th Cir. 2021) (offering no opinion on all alleged errors where remand required on other issues, but instructing on remand that "the ALJ is to reconsider [claimant's] claim based on entire record").

> supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. [20 C.F.R.] § 404.1520c(c)(1)-(5).
>
> The ALJ may, but is not required to, explain how she considered factors other than supportability and consistency, which are the most important factors. *Id.* § 404.1520c(b)(2). "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative finding(s) will be." *Id.* § 404.1520c(c)(1). And "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(2).

*Id.* As for the two most important factors, "supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Cook v. Comm'r of Soc. Sec.*, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021).

Even under the amended regulations, "[t]he ALJ 'must provide sufficient detail concerning the degree to which he finds a medical source's opinion persuasive so that a reviewing court may understand the ALJ's analysis." *Lawrence v. Kijakazi*, 2022 WL 421139, at * 4 (S.D. Ga. Jan. 24, 2022) (quoting *Works v. Saul*, 2021 WL 690126, at *15 (N.D. Ala.

Feb. 23, 2021)); *see also Martin v. Kijakazi*, 2022 WL 264889, at *4 (S.D. Ga. Jan. 7, 2022) ("[U]nder the [amended] regulations the ALJ 'must consider the opinion, assess its persuasiveness, and *explain* his decision, particularly with respect to supportability and consistency.'" (quoting *Brown v. Comm'r of Soc. Sec.*, 2021 WL 2917562, at *4 (M.D. Fla. July 12, 2021) (alterations omitted))), *adopted* 2022 WL 264549 (S.D. Ga. Jan. 27, 2022). The regulations explicitly provide that the ALJ "will explain *how* [he or she] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision." 20 C.F.R. § 416.920c(b)(2) (emphasis added); *see also Cook*, 2021 WL 1565832, at * 2 ("[T]he ALJ *must explain* the consideration of those two factors [*i.e.* supportability and consistency]." (emphasis added)).

The ALJ's evaluation of Dr. Soni's opinion is a single sentence: "The statement . . . by Dr. Soni (Packard Health Center) that the claimant is limited to the light exertional level and is unable to walk/stand for more than 30 minutes and is unable to bend, climb, stoop, or crawl is not persuasive since these limits are not supported by the doctor's own clinical exam findings." Tr. 25. The Commissioner attempts to expand

the ALJ's terse statement into an explanation of his consideration of supportability and consistency by pointing to the ALJ's summary of Dr. Soni's findings "earlier in the decision." Doc. 18 at 12-13. Despite the Commissioner's attempt to expand upon the ALJ's reasoning, that explanation is simply not manifest in the ALJ's decision. After all, "the ALJ must build a logical analytical bridge explaining what particular evidence undermined [the doctor's] opinions and why." *Michael v. Saul*, 2021 WL 1811736, at *11 (N.D. Ind. May 6, 2021). Whether or not the Commissioner's brief plausibly explains the ALJ's reasoning, that reasoning is never explained in the decision. The lack of explanation requires remand.[4] *See Martin*, 2022 WL 264889, at * 4 (explaining "the Court . . . must examine the administrative decision as delivered.").

---

[4] The Commissioner's brief argues that "the regulations do not prevent an ALJ from referring to evidence discussed elsewhere in the decision when evaluating medical opinions." Doc. 18 at 13. That may well be true, but the ALJ did not refer to that evidence in his evaluation of Dr. Soni's opinion. The Commissioner's brief *assumes*—perhaps even plausibly—what the ALJ had in mind when evaluating Dr. Soni's opinion, but requiring him to make *explicit* reference to the evidence is not tantamount to requiring him "to repeat findings throughout a decision." *Id.* As plaintiff's reply notes, "there is not even a pin cite to where in 'the doctor's own clinical exam findings' the contradictory findings / opinions reside." Doc. 19 at 4. *Cf. Cook*, 2021 WL 1565832 at *4 - *5 (finding an ALJ's determination of persuasiveness sufficient, despite explicit use of "supportability" and "consistency," where the decision stated, "The undersigned finds this opinion not persuasive *because clinical notes show* that [claimant's] condition only required conservative mental health treatment and the mental examinations were largely normal[,]" and cited to the record (emphasis added)). *Cook*, therefore, exemplifies how an ALJ might "refer[ ]

## IV. CONCLUSION

For the reasons set forth above, this matter should be **REMANDED** to the Social Security Administration for further proceedings under 42 U.S.C. § 405(g).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Therefore, **within 14 days from the date of this order**, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of

---

to evidence discussed elsewhere in the decision," without "repeat[ing] findings throughout a decision," doc. 18 at 13-14, while still providing an explanation.

10

rights on appeal.   11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 1st day of March, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA